**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

**Case No. 2:18-md-2846**

**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

**This document relates to:**
**MARTIN W. ROBBINS**

**Civil Action No._____**

## SHORT FORM COMPLAINT

Plaintiff(s) file(s) this Short Form Complaint pursuant to Case Management Order No. 9 and is/are to be bound by the rights, protections, and privileges and obligations of that Order. Plaintiff(s) hereby incorporate(s) the Master Complaint in MDL No. 2846 by reference. Plaintiff(s) further show(s) the Court as follows:

1. The name of the person implanted with Defendants' Hernia Mesh Device(s):

   Martin W. Robbins

2. The name of any Consortium Plaintiff (if applicable):

   Juanita Robbins

3. Other Plaintiff(s) and Capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. State of Residence:

   Montana

5. District Court and Division in which action would have been filed absent direct filing:

   District of Montana, Missoula Division

6.  Defendants (Check Defendants against whom Complaint is made):

☒  A. Davol, Inc.

☒  B. C.R. Bard, Inc.

☐  C. Other (please list: _____)

7.  Identify which of Defendants' Hernia Mesh Device(s) was/were implanted (Check device(s) implanted):

☐  3DMax Mesh

☐  3DMax Light Mesh

☐  Bard (Marlex) Mesh Dart

☐  Bard Mesh

☐  Bard *Soft* Mesh

☐  Composix

☐  Composix E/X

☐  Composix Kugel Hernia Patch

☐  Composix L/P

☐  Kugel Hernia Patch

☐  Marlex

☐  Modified Kugel Hernia Patch

☐  Perfix Light Plug

☒  PerFix Plug

☐  Sepramesh IP

☐  Sperma-Tex

☐  Ventralex Hernia Patch

☐  Ventralex ST Patch

2

☐     Ventralight ST

☐     Ventrio Patch

☐     Ventrio ST

☐     Visilex

☐     Other (please list in space provided below):

       _____

       _____

8.     Defendants' Hernia Mesh Device(s) about which Plaintiff is making a claim (Check applicable device(s)):

☐     3DMax Mesh

☐     3DMax Light Mesh

☐     Bard (Marlex) Mesh Dart

☐     Bard Mesh

☐     Bard *Soft* Mesh

☐     Composix

☐     Composix E/X

☐     Composix Kugel Hernia Patch

☐     Composix L/P

☐     Kugel Hernia Patch

☐     Marlex

☐     Modified Kugel Hernia Patch

☐     Perfix Light Plug

☒     PerFix Plug

3

☐      Sepramesh IP

☐      Sperma-Tex

☐      Ventralex Hernia Patch

☐      Ventralex ST Patch

☐      Ventralight ST

☐      Ventrio Patch

☐      Ventrio ST

☐      Visilex

☐      Other (please list in space provided below):

_____

_____

9.      Date of Implantation and state of implantation: February 16, 2016, in Montana

10.      As of the date of filing this Short Form Complaint, has the person implanted with Defendants' Hernia Mesh Device(s) had subsequent surgical intervention due to the Hernia Mesh Device(s)?:      Yes: X      No____

11.      Basis of Jurisdiction:

☒      Diversity of Citizenship

☐      Other: _____

12.      Counts in the Master Complaint adopted by Plaintiff(s):

☒      Count I – Strict Product Liability- Defective Design

☒      Count II – Strict Product Liability- Failure to Warn

☒      Count III – Strict Product Liability- Manufacturing Defect

☒      Count IV– Negligence

☐　　Count V– Negligence Per Se

☐　　Count VI– Gross Negligence

☒　　Count VII – State Consumer Protection Laws (Please identify applicable State Consumer Protection law(s)):

Section 30-14-101 (et seq.), MCA

_____

_____

☐　　Count VIII – Breach of Implied Warranty

☐　　Count IX – Breach of Express Warranty

☐　　Count X – Negligent Infliction of Emotional Distress

☐　　Count XI – Intentional Infliction of Emotional Distress

☐　　Count XII – Negligent Misrepresentation

☐　　Count XIII – Fraud and Fraudulent Misrepresentation

☐　　Count XIV – Fraudulent Concealment

☐　　Count XV – Wrongful Death

☒　　Count XVI – Loss of Consortium

☒　　Count XVII – Punitive Damages

☒　　Other Count(s) (please identify and state factual and legal bases for other claims not included in the Master Complaint below):

Count XVIII—Deceit: § 27-1-712, MCA

Defendants Davol and C.R. Bard willfully deceived Robbins and his surgeon about the risks. Specifically, Defendants Davol and C.R. Bard suggested as fact that which was not true, without believing those facts. For example, Defendants suggested that their mesh products, such as the Bard® Mesh Perfix® Plug, do not migrate or cause adhesions, when Defendants either knew they migrated and caused adhesions, or had no reasonable ground for believing that statement to be true. Alternatively, Defendants Davol and C.R. Bard suppressed facts about the dangers of their mesh products when they had a duty to adequately warn doctors and patients about the risks. In addition, Defendants Davol and C.R. Bard gave information to doctors and patients that was highly likely to mislead them about the risks inherent in its mesh products, such as the assertion that zero cases resulted in migration or adhesions. As a result of Defendants' deceit, Robbins altered his position

5

by consenting to the implant of a Bard® Mesh Perfix® Plug and was subsequently injured by the Plug. Were it not for Defendants' deceit, Robbins would not have consented to the implant and would not have been injured.

⊠      Jury Trial is Demanded as to All Counts

☐      Jury Trial is NOT Demanded as to All Counts; if Jury Trial is

         Demanded as to Any Count(s), identify which ones (list below):

_____

_____

                                                 **s/ David R. Paoli**
                                                 David R. Paoli (Montana Bar ID # 2469)
                                                 Attorney for Plaintiff Martin Robbins
                                                 Paoli Law Firm, P.C.
                                                 P.O. Box 8131
                                                 Missoula, MT 59802
                                                   Telephone: (406) 542-3330
                                                   E-mail: davidpaoli@paoli-law.com